In the Matter of ROBERT M. MURPHY, an Attorney, Respondent. ERIE COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, February 25, 1972.

*David E. Brennan* for petitioner.

*Edward C. Cosgrove* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in this Department on November 14, 1956. The Bar Association of Erie County filed a petition with a certificate of conviction attached thereto, alleging that on July 12, 1971 in the United States District Court for the Western District of New York respondent was convicted of a misdemeanor on his plea of guilty to a superseding information charging him with unlawfully aiding and abetting an officer and employee of a member bank of the Federal Reserve Bank in embezzling, purloining and willfully misapplying funds of the bank in a sum not exceeding $100 in violation of sections 656 and 2 of title 18 of the United States Code; and that the court imposed sentence of one-year imprisonment which was suspended and respondent placed on probation for one year. It was also alleged that prior to the superseding information defendant was indicted with such officer-employee of a member bank of the Federal Reserve Bank for willfully and unlawfully violating sections 371, 1005 and 1010 of title 18 of the United States Code by knowingly making false statements in 1967 and 1968 to obtain three separate loans from said bank for home improvements, and receiving the proceeds thereof in the approximate amount of $5,000 each and wrongfully using the same. In his answer to the petition

respondent admitted such allegations, but he alleged that there were extenuating circumstances with respect thereto which should be heard. Accordingly, by order of October 28, 1971 this court referred the matter to a Judge to hear and report. A hearing was held on December 9, 1971 at which respondent introduced witnesses and testified personally, and the minutes thereof have been submitted to this court by the hearing Judge.

The evidence adduced upon the hearing shows that respondent has been a competent trial lawyer, bearing a good reputation at the Bar, and that no charge of professional misconduct has ever been made against him.

The evidence shows that respondent overextended his credit in his private affairs and sustained judgments against himself; that in an effort to extricate himself therefrom he procured the above loans by false representations which were discovered when he defaulted and the bank officer involved was found criminally responsible with respect to many other transactions at that bank. After respondent and the bank officer were indicted and investigation revealed to the authorities that respondent was in no way connected with the bank officer's other misconduct, the indictment against respondent was replaced by the superseding information to which he pleaded guilty. Respondent has fully repaid his debt to the bank and has discharged all judgments against him. He admits that his acts at that time were " careless and stupid ", but he denies entertaining any criminal intent. The latter assertion is based upon his thinking at the time that he could readily repay the loans from earnings of his law practice, but this expectation did not materialize in time to permit him to avoid discovery.

We find that the facts urged in mitigation are not an excuse for respondent's misrepresentations to the bank. His conduct was a positive violation of canon 32 of the Canons of Professional Ethics which mandates that " above all a lawyer will find his highest honor in a deserved reputation for fidelity to private trust and to public duty, as an honest man and as a patriotic and loyal citizen ". Respondent was not guilty of misappropriating a client's funds; nevertheless, conduct by an attorney amounting to a private business fraud brings disrepute to the Bar and it cannot be condoned. Respondent should be suspended from the practice of law for a period of six months and thereafter until the further order of this court.

DEL VECCHIO, J. P., MARSH, WITMER, GABRIELLI and CARDAMONE, JJ., concur.

Order of suspension entered.